UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TABAIR FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV492 HEA |
| | ) | |
| DANIEL HURT, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Tabair Freeman (registration no. 351573), an inmate at Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.34. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $16.70, and an average monthly balance of $0.05. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.34, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 112 S. Ct. 1728,

1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged unconstitutional deprivation of parole. The alleged incidents in the complaint occurred at Farmington Treatment Center ("FTC"). Named as defendants are Daniel Hurt (Probation Officer), Jon Light (Functional Unit Manager), Keith Roller (Prison Officer), "Farmington Treatment Center Staff," and Al Luebbers (Superintendent). Plaintiff seeks monetary and injunctive relief, including release from confinement.

Plaintiff alleges that defendant Hurt recommended to Judge Heagney that plaintiff should not receive parole because of multiple conduct violations. Plaintiff says that defendant Light told the inmates at FTC that if they did not stop complaining about officer conduct then they would receive more conduct violations. Plaintiff also says that Light "targeted" him and had him maliciously removed from the treatment center. Plaintiff claims that defendant Roller gave inmates false conduct violations, which

caused some inmates to be removed from the treatment center. Plaintiff states that defendant Luebbers abdicated his responsibility as Warden and let Light have too much discretion in the parole hearings.

## Discussion

Plaintiff's allegations against "Farmington Treatment Center Staff" are frivolous because this is not a properly named defendant.

The procedures that a state parole board employs to make parole decisions are generally not required to comport with constitutional standards of fundamental fairness, "[u]nless there is a liberty interest in parole." *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir.1995). The Supreme Court held in *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 9-11 (1979), that an inmate does not have a constitutionally protected liberty interest in the possibility of parole. Only if a state statute creates a liberty interest in parole does a prisoner have an actionable claim for denial of parole in violation of due process. *Id.* at 12; *see also State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 134 (Mo. 1995); *Delay v. Missouri Bd. of Probation and Parole*, 174 S.W.3d 662, 665 (Mo. Ct. App. 2005). The Eighth Circuit and Missouri state courts have held that Missouri parole statutes create no liberty interest in parole or in the parole board's discretionary decisions. *Cavallaro*, 908 S.W.2d at 134; *Adams*

*v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005). Therefore, plaintiff's claims that he was unconstitutionally denied parole fail to state a claim upon which relief can be granted.

Additionally, the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.34 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:

(1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for transfer [Doc. #4] is **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 1st day of April, 2010.

                              HENRY EDWARD AUTREY
                              UNITED STATES DISTRICT JUDGE